**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Stell,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-21-01680-PHX-SMB<br><br>**ORDER** |

Plaintiff challenges the denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act") by Defendant, the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). Plaintiff filed a Complaint with this Court seeking judicial review of that denial (Doc. 1), and the Court now addresses Plaintiff's Opening Brief (Doc. 15, Pl. Br.) and Defendant's Answering Brief (Doc. 16, Def. Br.).[1] This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having reviewed the briefs and Administrative Record (Doc. 13, AR.), the Court affirms the Administrative Law Judge's ("ALJ") decision.

**I.  THE SEQUENTIAL EVALUATION PROCESS AND JUDICIAL REVIEW**

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. *E.g.*, 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ

---

[1] Plaintiff did not file a Reply.

determines whether the claimant is engaging in substantial, gainful work activity. § 404.1520(a)(4)(i). If the claimant is engaged in substantial, gainful work, she is not disabled. *Id*. If she is not engaged in such work, the analysis proceeds. *See id*. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If the claimant does not, she is not disabled. *Id*. If she does, the analysis proceeds to step three. *See id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or is medically equivalent to an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to step four, where she determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. *Id*. If she cannot, the analysis proceeds to the fifth and final step, where the ALJ determines if the claimant can perform any other work in the national economy based on her RFC, age, education, and work experience. § 404.1520(a)(4)(v). If the claimant cannot, she is disabled. *Id.* For Title II disability claims, the claimant must establish disability before her insured status ends.[2] *Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017).

This Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (cleaned up). In determining whether substantial evidence supports a decision, the court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quotations and citations omitted). As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954

---

[2] Plaintiff's insured status expired on December 31, 2012. (AR. at 35.)

(9th Cir. 2002) (citations omitted).

## II. PROCEDURAL HISTORY

Plaintiff initiated an application for disability insurance benefits in January 2015 alleging disability beginning July 1, 2009. (AR. at 354-55.) The Commissioner denied Plaintiff's application at the initial and reconsideration levels of administrative review (AR. at 171-74, 177-81), and Plaintiff timely requested a hearing before an ALJ on August 10, 2015. (AR. at 183-84.) ALJ James Goodman presided over a hearing on April 6, 2017 (AR. at 55-83), and over a supplemental hearing on March 1, 2018 (AR. at 86-97). He issued an unfavorable decision on March 23, 2018. (AR. at 149-66.) In a letter dated March 6, 2019, the Social Security Appeals Council granted review, vacated ALJ Goodman's decision, and remanded back to an ALJ for additional proceedings. (AR. at 167-69.) Noting conflicts in the vocational evidence, the Appeals Council directed the ALJ upon remand to take supplemental vocational testimony and resolve any conflicts. (AR. at 168-69.)

On December 8, 2020, ALJ Joseph Lisiecki III conducted a hearing upon remand at which the Plaintiff and vocational expert Kelly Winn-Boaitey testified. (AR. at 100-21.) ALJ Lisiecki issued another unfavorable decision on December 24, 2020. (AR. at 33-51.) The ALJ concluded "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (AR. at 39.) The ALJ rejected the opinions of Plaintiff's treating physician and relied instead upon various non-examining consultants who opined as to Plaintiff's functional limitations. (AR. at 42-43.) He found Plaintiff capable of performing her own past relevant work at step four. (AR. at 43-44.) In a letter dated August 2, 2021, the Appeals Council denied Plaintiff's request for review. (AR. at 3-5.) Plaintiff filed the Complaint initiating this legal action on September 30, 2021. (Doc. 1.)

## III. DISCUSSION

Plaintiff raises only one issue on appeal: whether the ALJ cited clear, convincing reasons for rejecting Plaintiff's symptom testimony. (Pl. Br. at 7-15.) Plaintiff argues that

"[b]eyond a discussion of the objective medical evidence," which would be insufficient to reject Plaintiff's testimony alone, "it does not appear that the ALJ actually offered any rationale to reject the testimony of [Plaintiff.]" (Pl. Br. at 10.) Plaintiff further argues the ALJ does not connect his analysis of the record with any of the Plaintiff's specific testimony, which is legal error (Pl. Br. at 11-12), and that while "the ALJ did not articulate [Plaintiff's] sporadic daily activities as reason to reject the testimony[,]" this rationale is insufficient under the circumstances even if he had. (Pl. Br. at 13-15.) Defendant counters "the ALJ cited additional reasons beyond the objective medical evidence—including Plaintiff's treatment record and her daily activities—to discount her symptom allegations." (Def. Br. at 6.) This Court finds that inconsistencies between Plaintiff's reported exercise and other statements describing her limited daily activities constitute a specific, clear, and convincing basis supported by substantial evidence to reject her symptom testimony. Consequently, this Court affirms the decision of the ALJ.

A.   **Legal Standard**

The ALJ must engage in a two-part analysis to properly evaluate a claimant's symptom testimony: (1) he must assess "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged[,]" and (2) if the claimant has satisfied the first step, and if "there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quotations and citations omitted). An ALJ must do more than offer up "[g]eneral findings": he "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996) (citations omitted) (superseded on other grounds as stated in *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022)). Importantly, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *E.g.*, *Burch v. Barnhart*, 400 F.3d 676, 680 (9th

Cir. 2005) (citations omitted); 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms . . . solely because the available objective medical evidence does not substantiate your statements."). This is so because "pain is a completely subjective phenomenon and cannot be objectively verified or measured." *Bunnell v. Sullivan*, 947 F.2d 341, 347 (9th Cir. 1991) (cleaned up). "[T]he level of pain caused by an impairment varies significantly among individuals according to the pain threshold and stamina of the individual victim." *Id.* (citations and quotations omitted). "[A]n ALJ cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 495 (9th Cir. 2022) (cleaned up).

In assessing the claimant's symptom testimony, the ALJ may utilize "ordinary techniques of credibility evaluation, inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and the claimant's daily activities." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (quotations and citations omitted). With respect to daily activities, however, "[t]his line of reasoning clearly has its limits[.]" *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (superseded on other grounds as stated in *Smartt*, 53 F.4th at 499). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Id.* (citations omitted). To properly rely on the claimant's reported daily activities to discredit her symptom testimony, those activities must either contradict the claimant's symptom testimony or, if the claimant performs them for a substantial part of the day, be transferable to a work setting. *Orn*, 495 F.3d at 639.

**B.     Analysis**

Neither party here disputes that Plaintiff has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms she

reports. What remains is whether the ALJ cited clear, convincing reasons supported by substantial evidence for rejecting the Plaintiff's symptom testimony. *Lingenfelter*, 504 F.3d at 1036. This Court finds the ALJ cited an appropriate reason for rejecting this testimony and, accordingly, affirms the ALJ's decision.

The ALJ cited three distinct reasons for rejecting Plaintiff's symptom testimony: (1) that Plaintiff's condition improved with treatment, including medications such as Lyrica and Fentanyl patches, acupuncture, and cognitive behavioral therapy (AR. at 40); (2) the objective evidence is inconsistent with her reported limitations (AR. at 39-41); and (3) other evidence in the record, such as her reported exercise, is inconsistent with the degree of limitation she described in her testimony (AR. at 41). Since the lack of support from the objective record is an insufficient reason on its own, *see Burch*, 400 F.3d at 680, this Court need only address whether Plaintiff's alleged improvement with treatment or her daily activities meets the clear-and-convincing standard.

To begin, the ALJ noted Plaintiff's "reported pain relief from various pain management treatment modalities . . . and[ ]benefits from cognitive behavioral therapy." (AR. at 40.) While Plaintiff reported improvement with Fentanyl and Lyrica in 2009 (AR. at 980, 2692), she continued to report severe pain throughout the insured period and beyond, whether it was the result of fibromyalgia, osteoarthritis in her hands, cervical and lumbar spine pain, or the accumulation of traumas from over a dozen car accidents. (AR. at 2702-03, 2706, 2841, 4074-75, 4313, 4740-41, 8474-75, 11,940.) Nothing the ALJ cited supports the conclusion Plaintiff's mental health symptoms were under sustained control either. (*See* AR. at 40, citing AR. at 797, 980, 1061, 2692.) Instead of selecting isolated instances of reported improvement, "[t]he ALJ was required[ ]to examine this evidence in the broader context of [Plaintiff's] impairment." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (citations omitted). The ALJ did not do so here. As such, Plaintiff's reported improvement does not meet the clear-and-convincing standard.

Importantly, however, the ALJ also noted the claimant testified she was "significantly limited in her daily activities because of her impairments[, but] the records

in the file dated during the period under consideration do not show the same level of limitation based on the claimant's statements about exercise and her statements about recovery from the various impairments she suffers from[.]"[3] (AR. at 41, citations omitted.) The ALJ cited two examples: a clinical note that Plaintiff was "doing well" and had "healed clinically" from her left thumb arthroplasty (AR. at 1726-27); and a note from December 2012 indicating that Plaintiff "exercises 270 minutes per week at a moderate to strenuous level." (AR. at 4157.) While the ALJ cited only one example of exercise in a record comprised of over 13,000 pages, Plaintiff's reported exercise in December 2012 was no anomaly. In fact, from mid-2010 through the expiration of her insured status on December 31, 2012, her treatment providers routinely documented that she engaged in "moderate to strenuous exercise" between 150 to 420 minutes per week.[4] (AR. at 1792-93, 1840, 3075, 3395, 3425, 3482, 3490, 3524, 3654, 3837, 3857, 3892, 4011.) This continued after the insured period. (AR. at 2362, 5170.) Earlier in the decision, the ALJ summarized Plaintiff's testimony, noting her statements that she experienced ten-out-of-ten pain during the relevant period, "use[d] an unprescribed four-point cane for balance and could only walk two blocks during the period at issue[,]" that she could not sit or stand for longer than 30-minute intervals before needing to reposition, and that she experienced three or four "bad days" of symptoms per week. (AR. at 39.) The ALJ also cited Plaintiff's descriptions of limited daily activities from other claim documents. (AR. at 39, citing AR. at 417, 426-27.) In citing Plaintiff's reported exercise later in the decision, the ALJ stated that while Plaintiff "testified that she was significantly limited in her daily activities because of her impairments[, ] the records in the file . . . do not show the same level of limitation based

---

[3] Plaintiff contends the ALJ did not specifically cite Plaintiff's daily activities as a basis to discredit her and that argument is not properly before this Court. (Pl. Br. at 13.) The Court disagrees to the extent the ALJ cited Plaintiff's reported exercise and concluded it "d[id] not show the same level of limitation" as her symptom testimony regarding her daily activities. (AR. at 41, citing AR. at 4157.)

[4] Plaintiff's regimen varied from three days per week at 60 minutes per day (AR. at 1795-96, 3663), to three days per week at 90 minutes per day (AR. at 1843, 3847, 3896, 4015), to five days per week for 30 minutes per day (AR. at 3084, 3429, 3487), to seven days per week for 30 minutes per day (AR. at 3419, 3495), and to seven days per week for one hour per day (AR. at 3528-29, 3857). The Court also notes that Plaintiff occasionally reported no weekly exercise. (AR. at 3754, 3822, 4134.)

on the claimant's statements about exercise . . . ." (AR. at 41.) While the amount of Plaintiff's exercise fluctuated, the ALJ's conclusion Plaintiff's exercise contravenes her reported degree of limitation in daily activities is supported by substantial evidence. *See Orn*, 495 F.3d at 639 (the ALJ may cite the claimant's daily activities to discredit her testimony if they contradict her testimony); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (citing the claimant's exercise, among other reported activities, as a sufficient basis to reject his symptom testimony). The Court recognizes that a claimant's ability to engage in limited exercise for therapeutic reasons may not constitute a clear-and-convincing reason under some circumstances. *Cf. Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as . . . limited walking for exercise, does not in any way detract from her credibility as to her overall disability.") (citations omitted). Importantly, however, Plaintiff's providers described her exercise as "moderate to strenuous," such as a "brisk walk." (AR. at 1796, 1843, 3528-29, 3663, 3857, 3896, 4015.) The ALJ's conclusion Plaintiff's reportedly diminished daily activities are inconsistent with these other reports is a rational interpretation of the record, *Thomas*, 278 F.3d at 954, and while the ALJ did not offer robust analysis, "the ALJ's analysis need not be extensive . . . ." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014). The ALJ must only "provide some reasoning in order for us to meaningfully determine whether [his] conclusions were supported by substantial evidence." *Id.* (citations omitted); *see Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned.") (quotations and citations omitted) (superseded on other grounds as stated in *Bowen v. Kijakazi*, No. 21-35600, 2022 WL 2610242, at *2 (9th Cir. July 8, 2022)). Here, the Court finds the ALJ's analysis is reasonably discernable, and thus, affirms the ALJ decision.[5]

---

[5] The ALJ may have erred by citing one insufficient reason to discredit Plaintiff's symptom testimony, this error is harmless because at least one of his reasons for rejecting Plaintiff's symptom testimony was valid under the clear-and-convincing standard. *Cf. Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (holding that ALJ's

**IT IS THEREFORE ORDERED affirming** the December 24, 2020 decision of the Administrative Law Judge (AR. at 33-51).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and to close this case.

Dated this 7th day of February, 2023.

Honorable Susan M. Brnovich
United States District Judge

---

reliance on invalid reasons to reject claimant testimony was harmless error because the ALJ had also relied on at least one valid reason). As such, the ALJ decision should be affirmed.

- 9 -